MORRIS J. GROSSMANN, Plaintiff, *v.* CONSTANTIN WAGNER, SR., and R. A. FREED & Co., INC., Defendants.

Supreme Court, Special Term, Bronx County, November 10, 1936.

*Kadel, Van Kirk & Trencher* [*Harold L. Leddy* of counsel], for the plaintiff.

*Philip J. Dunn* [*Arthur J. O'Leary* of counsel], for the defendant R. A. Freed & Co., Inc.

*Morrison & Lynn* [*Archie B. Morrison* and *Charles Roden* of counsel], for the defendant Wagner.

COTILLO, J. These two motions to vacate notices of examinations before trial may be considered together.

Plaintiff, a real estate broker, by this action seeks to hold both lessor and lessee liable for commissions alleged to have been earned by plaintiff by reason of the fact that after having been introduced to each other by plaintiff and having failed to consummate a proposed leasing agreement defendants thereafter did enter into a lease without the knowledge or assistance of plaintiff.

Immediately after serving the summons herein plaintiff moved for leave to examine both defendants in order to frame his complaint. This motion was denied, and he thereupon served the present complaint. Issue was joined by the service of separate answers by the two defendants, who appear herein separately and by different attorneys. Plaintiff again sought to examine both defendants and served separate notices upon each, specifying a number of matters concerning which he desires to examine. Each defendant independently moves to vacate the notice addressed to him. The contention made by both, that the complaint fails to state a cause of action and that the examination is, therefore, unnecessary and not sought in good faith, is not wholly without merit. I should be inclined to hold that no cause of action is stated, were it not for the rule that on motions of this character a pleading will not be scrutinized with the same care and strictness as on a motion to dismiss. Unless prevented by objections based on the paucity of his pleading, plaintiff may be able on the trial to make out a *prima facie* case on some theory. The right to an examination is not usually denied unless the complaint is so obviously bad that no cause of action may be spelled out from the facts alleged and the reasonable inferences that may be drawn therefrom.

Without ruling on the legal sufficiency of the complaint, I will grant a limited examination as follows: As to the defendant Wagner, items in the notice addressed to him, numbered (1) and (10), are stricken out and the examination will be limited to the matters stated in the remaining items. As to the defendant R. A. Freed & Co., Inc., whose answer raises no issue as to the matters set forth in items (7) and (9) of the notice addressed to it, these items, in addition to (1) and (2), are stricken out and the examination confined strictly to matters set forth in the remaining items. Settle order fixing time and place of examination.